DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
3080 Washington St.
San Francisco, CA 94115
(415) 317-7756
david@hrw-law.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHERINE ROSENBERG-WOHL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRAVEL OUTLET OF VIRGINIA, LLC, AND DOES 1-10,<br><br>Defendants. | Case No. 3:23-cv-02108:<br><br>**COMPLAINT**<br>**[CLASS ACTION]** |

Plaintiff, Katherine Rosenberg-Wohl, by and through the undersigned counsel, brings this Complaint on behalf of herself and all other consumers similarly situated throughout the United States (as described in the Class Action Allegations below) against Defendant, The Travel Outlet of Virginia, LLC, and Does 1-10 for damages, restitution, declaratory and injunctive relief, along with attorneys' fees, and in support thereof states as follows:

**PARTIES, JURISDITION AND VENUE**

1. Defendant, The Travel Outlet of Virginia, LLC ("TOV"), is a Limited Liability Company qualified in Virginia. According to the Virginia State Corporation Commission Clerk's Information system, TOV's principal place of business is 3351 Lone Pine Rd., West

COMPLAINT [CLASS ACTION] - 1

Bloomfield, MI 48323. Its registered agent is Roy Estaris, 5347 Lila Lane, Ste. 106, Virginia Beach, VA 23464.

2. TOV does business throughout the United States under a variety of "dbas" including AranGrant.com, Gurufare.com, Ovago.com, and wowfare.com.

3. Plaintiff, Katherine Rosenberg-Wohl, resides in California, and in particular in San Francisco, in which this Northern District Court is situated, from which location she accessed the website of TOV, specifically that of AranGrant.com.

4. This Court has diversity jurisdiction under 28 USC § 1332(a) because the action is between citizens of different states and, due to the class action allegations below, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will further amend this complaint to allege the true names and capacities of these fictitiously named defendants when that information is ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously names defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were directly and legally caused by the aforementioned defendants. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of these "Doe" defendants was the agent and employee of each of the other defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

**FACTUAL ALLEGATIONS**

COMPLAINT [CLASS ACTION] - 2

5. On or about October 3, 2022, Plaintiff purchased four round-trip tickets from AranGrant, itinerary A7DA596, for travel from San Francisco to Barbados 4/1/23 and back 4/9/23. The price was $7,095.12 paid by credit card.

6. AranGrant promised a refund of $5,147.52 (subtracting from the total paid an amount of $1,347.60 for "airline penalty" and a "processing fee" of $600.00). *See* Exhibit A.

7. On or about February 23, 2023, Plaintiff requested to cancel the tickets and obtain the promised refund.

8. AranGrant refused either to cancel the tickets or to provide the refund. When confronted with its website promise of a refund, AranGrant repeatedly stated that the website promise was irrelevant and said that American Airlines prohibited any refund.

9. Due to the nature of the response, especially when combined with the evidently automatic generation of refund information on the AranGrant website, Plaintiff is informed and on that basis believes that AranGrant regularly promises refunds that it has no intention of honoring, and that as AranGrant is simply a dba of The Travel Outlet of Virginia, LLC, that this practice is pervasive throughout the company and all of its dbas.

10. Plaintiff sent letters seeking redress on both February 27, 2023 and again on April 12, 2023. No response was received. This too suggests and informs Plaintiff that her experience with AranGrant was not a "one-off" involving either AranGrant or American Airlines but that AranGrant and The Travel Outlet of Virginia, LLC, knows full well that it advertises refunds it cannot and will not provide.

**CLASS ACTION ALLEGATIONS**

1. **Class definition:** The Travel Outlet of Virginia, LLC, advertises, through its various dbas, to consumers throughout the US; as a result, all U.S. consumers are similarly

COMPLAINT [CLASS ACTION] - 3

situated to Plaintiff. Alternatively, The Travel Outlet of Virginia, LLC generally, and AranGrant specifically, targets and receives money from California consumers; as a result, all CA consumers are similarly situated to Plaintiff.

2. **Numerosity**. Plaintiff is informed and on this basis believes that there are hundreds if not thousands of consumers, whether in California or throughout the US, who have purchased airline tickets from AranGrant and/or The Travel Outlet of Virginia, LLC. There are so many potential class members that individual joinder of class members is impractical.

3. **Commonality**. There are questions of law or fact that apply equally to Plaintiff and to all consumers in her position, including the contractual promise of a refund, the failure to honor that refund, the fact of damages as a result (contract claims), and the unfair and false business practice of advertising refunds with no intention of delivering them (consumer protection acts).

4. **Typicality**. The claims of the Plaintiff here, presently a putative class representative, are typical of those of absent class members. Recognizing however that Plaintiff is the wife of Plaintiff's counsel, however, there is certainly the appearance of a conflict of interest in that a settlement offer to Plaintiff's wife could be viewed as contrary to the interests of the putative class as a whole. With this in mind, Plaintiff represents that she does not intend to remain class representative and will at the appropriate time, following discovery, cede this position to another plaintiff.

5. **Adequacy of representation**. Class counsel and Plaintiffs intend to fairly and adequately protect the interests of absent class members. Class counsel is experienced in class action

COMPLAINT [CLASS ACTION] - 4

matters. As stated above, however, Plaintiff anticipates substitution out in favor of a plaintiff not related to counsel.

### FIRST CLAIM FOR RELIEF

### Breach of Contract (nationwide class)

6. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-5 of this Complaint as if fully set forth herein.

7. The failure to honor a promised refund constitutes breach of contract and damages.

### SECOND CLAIM FOR RELIEF

### (CLRA) (California class only)

8. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-7 of this Complaint as if fully set forth herein.

9. Plaintiff provided Notice under California's CLRA, Civil Code section 1782, of the dispute that she has with The Travel Outlet of Virginia, LLC.

10. In addition to breaching its contract with her, by promising a refund it does not intend to honor, The Travel Company, LLC, has represented – and is continuing to represent -- that goods/services have characteristics, uses, and/or benefits that they do not have, and advertising goods with the intent not to sell them as advertised -- each of which is violation of the California Consumers Legal Remedies Act (the "Act"), set forth specifically at California Civil Code sections 1770(a)(5) and (9).

11. Plaintiff is entitled to actual damages, an injunction, restitution, punitive damages, attorneys' fees, as well as any relief a court might deem proper under section 1780(a) of that Act.

COMPLAINT [CLASS ACTION] - 5

12. Because the conduct described above has caused and will continue to cause damage to other consumers similarly situated, Plaintiff may bring an action for the relief described on behalf of not just herself but on behalf of other consumers under section 1781(a) of the Act.

13. Under section 1782(a)(2) of the Act, Plaintiff demands that The Travel Outlet of Virginia, LLC correct or otherwise rectify the situation described above in a way that makes her whole, make similarly situated consumers whole, and makes sure that no other consumers are subject to this conduct.

## THIRD CLAIM FOR RELIEF

## (FAL) (California class only)

14. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-13 of this Complaint as if fully set forth herein.

15. In particular, the above-mentioned conduct constitutes unlawful business acts or practices under the FAL, Section 17500, in that it constitutes: "statement[s], … concerning any circumstance or matter of fact connected with the proposed performance …, which [are] untrue or misleading, and which [are] known, or which by the exercise of reasonable care should be known, to be untrue or misleading," each and all to the financial damage of Plaintiff here in financial outlay for airline tickets.

## FOURTH CLAIM FOR RELIEF

## (UCL) (California class only)

16. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-15 of this Complaint as if fully set forth herein.

COMPLAINT [CLASS ACTION] - 6

17. The conduct set forth constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising and … act[s] prohibited by Chapter 1 (commencing with Section 17500)," each and all in violation of Cal. Bus. and Prof. Code sec. 17200 and each and all to the financial damage of Plaintiff here in financial outlay for airline tickets.

18. In particular, the above-mentioned conduct constitutes unlawful business acts or practices under the CLRA.

19. In particular, the above-mentioned conduct constitutes unlawful business acts or practices under the FAL.

20. In particular, the above-mentioned conduct constitutes unfair competition under the Lanham Act, 15 U.S.C.S. 1125.

21. Separately, the above-mentioned conduct constitutes unfair business acts or practices in violation of Cal. Bus. and Prof. Code sec. 17200.

22. Separately, the above-mentioned conduct constitutes fraudulent business acts or practices in violation of Cal. Bus. and Prof. Code sec. 17200.

23. Separately, the above-mentioned conduct constitutes unfair, deceptive, untrue or misleading advertising," in violation of Cal. Bus. and Prof. Code sec. 17200.

24. Separately, the above-mentioned conduct constitutes "statement[s], … concerning any circumstance or matter of fact connected with the proposed performance …, which [are] untrue or misleading, and which [are] known, or which by the exercise of reasonable care should be known, to be untrue or misleading," in violation of Section 17500 and thereby in violation of Cal. Bus. and Prof. Code sec. 17200.

**FIFTH CLAIM FOR RELIEF**

COMPLAINT [CLASS ACTION] - 7

**Virginia Consumer Protection Act (nationwide class)**

25. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-24 of this Complaint as if fully set forth herein.

26. AranGrant and The Travel Company of Virginia, LLC, are in violation of the Virginia Consumer Protection Act, Va. Code Ann. Sec. 59.1-200 et seq., by telling its consumers that tickets are refundable when they are not.

27. Plaintiff is entitled to seek "actual damages, or $500" per consumer adversely affected, "whichever is greater," 59.1-204(A), along with attorneys fees. *See* 59.1-204(B).

**SIXTH CLAIM FOR RELIEF**

**(Federal Declaratory Judgments Act) (nationwide class)**

28. Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-27 of this Complaint as if fully set forth herein.

29. Under 28 U.S.C.S. 2201(a) of the Declaratory Judgements Act, Plaintiff has a present controversy concerning her rights vis-à-vis Defendant and as such is an interested party whose rights can and should be declared by this Court.

30. Under 28 U.S.C.S. 2202 of the Declaratory Judgements Act, this Court may and should grant "further necessary or proper relief" based upon the declaratory judgment sought, such relief including not just injunctive relief and restitution but damages and attorneys' fees and costs.

**DEMAND FOR RELIEF**

31. WHEREFORE, Plaintiff prays for judgment against Defendants that:

COMPLAINT [CLASS ACTION] - 8

a. Defendants be preliminarily and permanently enjoined from posting false and misleading advertising/promises of refunds on their websites as well as be declared in violation of each of the laws identified herein;

b. Defendants be declared to be in violation of the laws identified herein and separately responsible to Plaintiffs for equitable and financial relief under the Declaratory Judgements Act;

c. Defendants be ordered to pay Plaintiffs' actual, consequential, incidental and special damages;

d. Defendants be ordered to provide restitution to Plaintiffs (for Katherine Rosenberg-Wohl herself, in the amount of the promised refund, namely 5,147.52);

e. Defendants be ordered to pay Plaintiffs' attorneys' fees and costs to the extent available under the statutes sued hereunder and Cal. Code Civ. Proc. § 1021.5;

f. Defendants be ordered to pay statutory damages and/or civil penalties; to the extent available under the statutes sued hereunder;

g. Plaintiffs be awarded punitive damages; and

h. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues triable thereby.

Dated this 28th of April, 2023.

/s/ David M. Rosenberg-Wohl
David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION

COMPLAINT [CLASS ACTION] - 9